**CT CORPORATION**
A WoltersKluwer Company

Received
OCT 2 5 2007
Allyson Hawkins
Legal Department

**Service of Process Transmittal**
10/26/2007
CT Log Number 512726947

**TO:** Allyson Hawkins
Continental Airlines, Inc.
1600 Smith - HQS LG, 15th Floor
Houston, TX 77002

**RE:** **Process Served in New York**

**FOR:** Continental Airlines, Inc. (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Rong Ding, Pltf. vs. Continental Airlines, Inc., Dft. |
| **DOCUMENT(S) SERVED:** | Letter, Summons, Verified Complaint, Verification |
| **COURT/AGENCY:** | New York County: Civil Branch: Supreme Court, NY<br>Case # 113585/2007 |
| **NATURE OF ACTION:** | Personal Injury - Failure to Maintain Premises in a Safe Condition - On 6/13/07 |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, New York, NY |
| **DATE AND HOUR OF SERVICE:** | By Certified Mail on 10/26/2007 postmarked on 10/22/2007 |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after completion of service |
| **ATTORNEY(S) / SENDER(S):** | Rick J. Rutman<br>Popick, Rutman & Jaw<br>276 Fifth Avenue<br>New York, NY 10001<br>(212) 213-366 |
| **REMARKS:** | Papers were served on the New York State Secretary of State on 10/18/07. |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via Fed Ex Priority Overnight, 798795380003<br>Email Notification, Allyson Hawkins ahawki@coair.com |
| **SIGNED:** | C T Corporation System |
| **PER:** | Christopher Tilton |
| **ADDRESS:** | 111 Eighth Avenue<br>New York, NY 10011 |
| **TELEPHONE:** | 212-894-8940 |

Page 1 of 1 / PK

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

RONG DING,

                Plaintiff,

- against -

CONTINENTAL AIRLINES, INC.,

                Defendant.

Index No.: 113585/2007
Purchased: 10/09/07

**SUMMONS**

Pltf. resides at
90 Pitt Street, Apt. 2C
New York, NY 10002

TO THE ABOVE NAMED DEFENDANT(s):

YOU ARE HEREBY SUMMONED to appear in this action by serving a notice of appearance on plaintiffs' attorneys within 20 days after service of this summons, exclusive of the day of service or within 30 days after service is complete if this summons is not personally delivered to you within the State of New York. In case of your failure to answer, Judgment will be taken against you by default for the relief demanded in the Complaint.

The basis of the venue designated is plaintiff's residence.

DATED: New York, New York
       October 4, 2007

Yours, etc.

By: Rick J. Rutman, Esq.
POPICK, RUTMAN & JAW
Attys. for Pltf.
276 Fifth Avenue
New York, NY 10001
212-213-3676
Our File No.: 6220

DEFENDANTS' ADDRESSES:

CONTINENTAL AIRLINES, INC.
1600 Smith Street
HQSTX
Houston, Texas, 77002
Via C T CORPORATION SYSTEM
111 Eighth Avenue
New York, NY 10011

NEW YORK
COUNTY CLERK'S OFFICE

OCT 09 2007

NOT COMPARED
WITH COPY FILE

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
---

| | |
|---|---|
| RONG DING, | Index No. |
| Plaintiff, | |
| - against - | **VERIFIED COMPLAINT** |
| CONTINENTAL AIRLINES, INC., | |
| Defendant. | |

---

Plaintiff, by and through her attorneys, POPICK, RUTMAN & JAW, LLP, complaining of the defendants herein, respectfully shows to this Court, and alleges, upon information and belief, as follows:

1. That at all times hereinafter mentioned, the plaintiff was and still is a resident of the County, City and State of New York.

2. That at all times hereinafter mentioned and upon information and belief, the defendant, CONTINENTAL AIRLINES, INC., was and still is a domestic corporation duly organized and existing under and by virtue of the laws of the State of New York.

3. That at all times hereinafter mentioned, and upon information and belief, the defendant, CONTINENTAL AIRLINES, INC., was and still is a foreign corporation duly authorized to do business in the State of New York.

4. That at all times hereinafter mentioned, and upon information and belief, the defendant, CONTINENTAL AIRLINES,

INC., maintained a principal office for the purpose of doing business in and/or was and still is a resident of the State of Texas.

5. That at all times hereinafter mentioned, and upon information and belief defendant, Continental Airlines Inc. was a provider of international transportation as defined in the Warsaw convention.

6. That at all times hereinafter mentioned, and upon information and belief, the defendant, CONTINENTAL AIRLINES, INC., was the owner of a certain plane bearing flight number CO 99Y.

7. That at all times hereinafter mentioned, and upon information and belief, the defendant, CONTINENTAL AIRLINES, INC., operated a certain plane, flight number CO 99Y departing from Newark Airport arriving in Hong Kong.

8. That at all times hereinafter mentioned, and upon information and belief, the defendant, CONTINENTAL AIRLINES, INC., maintained a certain plane, flight number CO 99Y departing from Newark Airport arriving in Hong Kong.

9. That at all times hereinafter mentioned, and upon information and belief, the defendant, CONTINENTAL AIRLINES, INC., controlled a certain plane, flight number CO 99Y departing from Newark Airport arriving in Hong Kong.

10. That at all times hereinafter mentioned, and upon information and belief, that flight number CO 99Y was

"international transportation" as defined in the Warsaw convention.

11. That on or about the 13th day of June, 2007, the plaintiff, RONG DING, was lawfully and properly upon the aforesaid plane bearing flight number CO 99Y.

12. That on or about the 13th day of June, 2007, the plaintiff, RONG DING, was a ticketed passenger upon the aforesaid plane bearing flight number CO 99Y traveling from Newark International Airport to Hong Kong.

13. That on or about the 13th day of June 2007, the plaintiff RONG DING suffered an "accident" as defined in the Warsaw convention.

14. That on or about the date aforesaid, and at the location aforesaid, duly wholly and solely to the negligence of the defendant, its agents, servants and/or employees as hereinafter alleged, the plaintiff, RONG DING, was caused to be violently precipitated to the ground thereby sustaining injuries and damages as hereinafter alleged.

15. That the negligence of the defendant, its agents, servants and/or employees consisted of its ownership, operation, maintenance, inspection and control of the aforesaid flight; in failing to warn the plaintiff of the dangers to which she was subject; and in being in all ways generally careless, reckless, and negligent.

16. That as a result of the negligence of the defendant,

its agents, servants and/or employees, as hereinbefore alleged, plaintiff, RONG DING, was caused to be rendered sick, sore, lame and disabled, and to sustain severe and grievous injuries to her head, body and limbs, both internal and external, and to sustain and still sustain severe pain, mental anguish and physical and emotional disability and further, said plaintiff has been caused to expend and become liable for, and upon information and belief, will in the future be caused to expend and become liable for great sums of money in an effort to cure herself of her injuries.

17. That the absolute liability provisions of the Warsaw convention are applicable to this action.

18. That this action falls within one or more of the enumerated exceptions to Article 16 of the CPLR.

19. That as a consequence of the foregoing, plaintiff, RONG DING, has been damaged in an amount which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

WHEREFORE, plaintiff demands judgment against the defendant in a sum which exceeds the jurisdictional limits of all lower Courts which would otherwise have jurisdiction, together with the costs and disbursements of this action.

DATED:  New York, New York
        October 4, 2007

Yours, etc.

By: Rick J. Rutman, Esq.
POPICK, RUTMAN & JAW
Attys. for Pltf.
Office & P.O. Address
276 Fifth Avenue

New York, NY  10001
212-213-3676
File No.: 6220

INDIVIDUAL VERIFICATION

State of New York, County of New York

    RONG DING, being duly sworn, deposes and says that deponent is the plaintiff in the within action; that she has read the foregoing Summons & Verified Complaint and knows the contents thereof; that the same is true to deponent's own knowledge, except as to the matters therein stated to be alleged on information and belief, and that as to those matters deponent believes it to be true.

                                               Rong Ding

Sworn to before me, this
5th day of October, 2007

NOTARY PUBLIC

BRAD MICHAEL POPICK
Notary Public State of New York
No. 02PO4835969
Qualified in Nassau County
Commission Expires January 31, 2010

State of New York - Department of State
Division of Corporations

Party Served:
 CONTINENTAL AIRLINES, INC.

Plaintiff/Petitioner:
 RONG DING

C/O C T CORPORATION SYSTEM
111 EIGHTH AVENUE
NEW YORK, NY 10011

Dear Sir/Madam:
Enclosed herewith is a legal document which was served upon the Secretary of State on 10/18/2007 pursuant to SECTION 306 OF THE BUSINESS CORPORATION LAW. This copy is being transmitted pursuant to such statute to the address provided for such purpose.

Very truly yours,
Division of Corporations

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK                          Index No.: _____

RONG DING,

                          Plaintiff,

- against -

CONTINENTAL AIRLINES, INC.,

                          Defendant.

## SUMMONS & VERIFIED COMPLAINT

ATTORNEY CERTIFICATION
The undersigned, an attorney admitted to practice in the courts of New York State, certifies that, upon information, and belief and reasonable inquiry, the contentions contained in the above referenced document(s) are not frivolous.

DATED: New York, New York
       October 5, 2007

                                        Rick J. Rutman, Esq.

TO:

---

Service of a copy of the within _____ is hereby admitted.

Dated:

                                        Attorney(s) for

NOTICE OF ENTRY:

PLEASE TAKE NOTICE that the within is a true copy of an _____ entered in the office of the Clerk of the above Court on _____ .

NOTICE OF SETTLEMENT:

PLEASE TAKE NOTICE that the within proposed _____ will be presented for settlement and entry at the Courthouse on _____ at 10:00 A.M. at the office of the Clerk of the Part of this Court where the within described Motion was heard.

Dated: New York, New York

                                        POPICK, RUTMAN & JAW
                                        Attys. For Pltf.
                                        As Designated above