UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x

RONG DING,                                    Civil Action No.  07 CIV 9873
                                                        (Rakoff, J.) (Freeman, M.J.)

                          Plaintiff,

          -against-                                        ANSWER OF
                                                    CONTINENTAL AIRLINES, INC

CONTINENTAL AIRLINES, INC.,

                          Defendant.

-----------------------------------------------------------------x

  Defendant CONTINENTAL AIRLINES, INC. (hereinafter "Continental"), by its attorneys, McKeegan & Shearer, P.C., as and for its Answer to the Complaint of plaintiff states:

  1. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "1" of the Complaint.

  2. Denies the allegations contained in paragraphs "2", "3" and "4" of the Complaint except states that Continental was incorporated under the laws of the State of Delaware, that it has a principal place of business in the State of Texas, that it is and was authorized to conduct business in the State of New York and that it is and was conducting business in the State of New York.

  3. Denies the allegations contained in paragraph "5" of the Complaint except refers issues of law to this Court for determination.

  4. Denies the allegations contained in paragraphs "6", "7", "8" and "9" of the Complaint except states that it operated Flight CO 99Yfrom Newark Airport to Hong Kong on June 13, 2007.

5.      Denies the allegations contained in paragraph "10" of the Complaint except refers issues of law to this Court for determination.

6.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs "11" and "12" of the Complaint except states that the name Rong Ding appears on the passenger manifest.

7.      Denies the allegations contained in paragraph "13" of the Complaint except refers issues of law to this Court for determination.

8.      Denies the allegations contained in paragraphs "14", "15" and "16" of the Complaint.

9.      Denies the allegations contained in paragraphs "17" and "18" of the Complaint except refers issues of law to this Court for determination.

10.     Denies the allegations contained in paragraph "19" of the Complaint.

AS AND FOR A FIRST SEPARATE AFFIRMATIVE DEFENSE
TO THE COMPLAINT OF PLAINTIFF, CONTINENTAL STATES:

11.     Continental's liability is limited pursuant to the Montreal Convention and/or other applicable treaties, conventions or international agreements.

AS AND FOR A SECOND SEPARATE AFFIRMATIVE DEFENSE
TO THE COMPLAINT OF PLAINTIFF, CONTINENTAL STATES:

12.     The Complaint fails to state a claim upon which relief can be granted.

AS AND FOR A THIRD SEPARATE AFFIRMATIVE DEFENSE
TO THE COMPLAINT OF PLAINTIFF, CONTINENTAL STATES:

13.     The plaintiff's injuries, to the extent proved, were caused in whole or in part by the culpable conduct of plaintiff, including her contributory negligence and

assumption of risk of injury.  Plaintiff's culpable conduct is a bar to her recovery or, in the alternative, shall diminish those damages sought in the proportion to which plaintiff's culpable conduct bears to the culpable conduct which caused those damages.

### AS AND FOR A FOURTH SEPARATE AFFIRMATIVE DEFENSE
### TO THE COMPLAINT OF PLAINTIFF, CONTINENTAL STATES:

14.    If the plaintiff sustained any damages or injuries as alleged in the Complaint, then such injuries or damages were suffered not by reason of any fault on the part of Continental, but rather by reason of the fault of others over whom Continental had no control.

### AS AND FOR A FIFTH SEPARATE AFFIRMATIVE DEFENSE
### TO THE COMPLAINT OF PLAINTIFF, CONTINENTAL STATES:

15.    This action does not fall within any exception enumerated in New York Civil Practice Law and Rules Article 16, and, if liability of Continental is found to be fifty percent or less of the total liability assigned to all persons liable, the liability of Continental shall not exceed its equitable share determined in accordance with the relative culpability of each person contributing to the total liability for non-economic loss.

### AS AND FOR A SIXTH SEPARATE AFFIRMATIVE DEFENSE
### TO THE COMPLAINT OF PLAINTIFF, CONTINENTAL STATES:

16.    Continental is entitled to set-off any damages already paid by collateral source or that can reasonably be expected to be paid in the future by a collateral source.

## AS AND FOR A SEVENTH SEPARATE AFFIRMATIVE DEFENSE
## TO THE COMPLAINT OF PLAINTIFF, CONTINENTAL STATES:

17.     Any injuries sustained by the plaintiff were caused solely by open and obvious risks that were knowingly assumed by plaintiff.

## AS AND FOR A FIRST DEFENSE TO THE
## COMPLAINT OF PLAINTIFF, CONTINENTAL STATES:

18.     Plaintiff's recovery against Continental, if any, should be set off and reduced by an amount of money or compensation the plaintiff received by settlement or judgment rendered in any prior legal proceeding or otherwise.

## AS AND FOR A SECOND DEFENSE TO THE
## COMPLAINT OF PLAINTIFF, CONTINENTAL STATES:

19.     Plaintiff failed to mitigate her damages.

## AS AND FOR A THIRD DEFENSE TO THE
## COMPLAINT OF PLAINTIFF, CONTINENTAL STATES:

20.     Continental did not create and had no notice of any hazardous or dangerous condition at the premises at which plaintiff allegedly sustained her alleged injuries.

## AS AND FOR A FOURTH DEFENSE TO THE
## COMPLAINT OF PLAINTIFF, CONTINENTAL STATES:

21.     Plaintiff's claims are preempted by applicable federal law.

AS AND FOR A FIFTH DEFENSE TO THE
<u>COMPLAINT OF PLAINTIFF, CONTINENTAL STATES:</u>

22.    Plaintiff's injuries were caused by an act of God .

WHEREFORE, defendant CONTINENTAL AIRLINES, INC. demands judgment

as follows:

(a)    dismissing plaintiffs' Complaint together with the costs and disbursements

of this action;

(b)    costs, disbursements and attorneys' fees, and

(c)    such other and further relief as this Court may deem just and proper.

Dated:  New York, New York
November 7, 2007                    McKEEGAN & SHEARER, P.C.


By_____/s/_____
        George P. McKeegan (GPM 8602)
        (A Shareholder of the Firm)
Attorneys for Defendant
192 Lexington Avenue
New York, New York 10016
(212) 661-4200


TO:    RICK J. RUTMAN, ESQ.
       POPICK, RUTMAN & JAW
       Attorneys for Plaintiff
       276 Fifth Avenue, Suite 704
       New York, New York 10001
       (212) 213-3676

<u>AFFIDAVIT OF MAILING</u>

STATE OF NEW YORK      )
                                   ss.:
COUNTY OF NEW YORK   )

LINDA ARCARA, being duly sworn, deposes and says:

That I am not a party to this action, am over the age of 18 years and reside in Bayside, New York.

That on the 12th day of November 2007, I served a true copy of the ANSWER OF CONTINENTAL AIRLINES, INC. in the following manner:

By mailing the same in a sealed envelope, with postage prepaid thereon, in an official depository of the U.S. Postal Service within the State of New York, addressed to the last known of the addressee(s) as follows:

RICK J. RUTMAN, ESQ.
POPICK, RUTMAN & JAW
276 Fifth Avenue, Suite 704
New York, New York 10001

Sworn to before me this
12th day of November  2007

                                       /s/_____

                                           Linda Arcara

 /s/_____
     Notary Public

**GEORGE P. McKEEGAN**
**Notary Public, State of New York**
**No. 02MC6131547**
**Qualified in Westchester County**
**Commission Expires August 8, 2009**